IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS R. JONES,** | : | |
| Petitioner, | : | CIVIL NO. 3:CV-04-0016 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **CRAIG APKER, et al.,** | : | |
| Respondents. | : | |

# **M E M O R A N D U M**

## I.   **Introduction**

Thomas R. Jones, an inmate at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood") in White Deer, Pennsylvania, commenced this action with a pro se petition for a writ of habeas corpus (Doc. 1) pursuant to the provisions of 28 U.S.C. § 2241. Named as Respondents are the United States Parole Commission ("Commission") and LSCI-Allenwood Warden Craig Apker. Jones is challenging aspects of his parole denial by the Commission. Respondents filed a response (Doc. 6) to the habeas petition together with an in camera document (Doc. 7), Petitioner has filed a traverse (Doc. 8), and the matter is ripe for disposition. For the reasons set forth, the petition will be denied.

## II.   **Background**

On August 13, 1997, Jones was sentenced by the District of Columbia Superior Court to a term of eight (8) to twenty-four (24) years imprisonment for second degree murder. (Doc. 6, Ex. 1, Sentence Monitoring Computation Data.) Subsequently, jurisdiction over District of Columbia prisoners such as Jones was transferred from the District of Columbia Parole Board to the jurisdiction of the Commission, under the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, and D.C. Code Ann. § 24-209.

The Commission has formulated guidelines to facilitate parole decisions for D.C. Code offenders. 28 C.F.R. § 2.80. Under the guidelines, the prisoner is assigned a base point score, calculated by adding applicable points from several categories. Id. at (f). At his initial hearing on April 4, 2000, the Commission calculated a base point score of six (6) points for Petitioner. (Doc. 6-2, Ex. 3 at 1.) The Commission then subtracted one (1) point for "ordinary program achievement," yielding a total point score of five (5), a score which indicated parole denial. (Id.) Petitioner was set for a rehearing in sixty (60) months, Id., constituting a departure from the guideline range of eighteen (18) to twenty-four (24) months. 28 C.F.R. § 2.80(h).

Thereafter, Petitioner filed the instant petition, challenging the initial hearing and the rehearing calculation. Jones does not challenge his total point score, but he claims that: (1) the Commission violated his procedural due process rights by failing to elaborate reasons for departure from the guidelines; (2) the Commission improperly exceeded the five-year reconsideration period; (3) the Commission violated his procedural due process rights by failing to grant a statutory interim hearing; and (4) the Commission must provide a special reconsideration hearing. (Doc. 1 at ¶ 9(a)-(d).). Respondents argue that Jones's claims are meritless. The Court agrees.

**III.   Discussion**

**A.  Scope of Judicial Review**

It is well settled that the determination of eligibility for parole for a D.C. prisoner has been committed to the discretion of the Commission by Congress. See United States v. Addonizio, 442 U.S. 178 (1979); Muhammad v. Mendez, 200 F.Supp.2d 466 (M.D.Pa. 2002). Because the Constitution itself does not create any liberty interest in parole, to prove a due process violation such an interest must emanate from state law, or in this case, District of Columbia law. See Greenholtz v. Nebraska Penal Inmates, 442

U.S. 1, 7 (1979). Courts have consistently held that the D.C. parole statute, which applies to D.C. Code offenders even after they are transferred to the jurisdiction of the Commission, does not create any liberty interest in parole. See, e.g., McRae v. Hyman, 667 A.2d 1356 (D.C. 1995) (holding that the District's parole scheme confers discretion to grant or deny parole, and the scoring system creates no liberty interest overriding the exercise of that discretion). However, "[a] legislative grant of discretion does not amount to a license for arbitrary behavior." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). "[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (internal quotation omitted).

Petitioner's eligibility for parole is governed by the District of Columbia parole statute and regulations. To determine parole eligibility, the Commission must (1) analyze the probability that the prisoner can live and remain at liberty without violation of the law, and (2) conclude his release is compatible with the welfare of society. D.C. Code Ann. § 24-404.[1] Since his initial hearing was held after August 5, 1998 and before December 3, 2000, the Commission was bound to make its decision by reference to the guidelines set forth at 28 C.F.R. § 2.80(b)-(n). 28 C.F.R. § 2.80(a)(5). While the

---

[1]The statute provides:

> Whenever it shall appear to the Board of Parole that there is a reasonable probability that a prisoner will live and remain at liberty without violation of the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence imposed or the prescribed portion of his sentence as the case may be, the Board may authorize his release on parole upon such terms and conditions as the Board shall from time to time prescribe.

D.C. Code Ann. § 24-404(a) (emphasis added).

guidelines establish a date of parole eligibility, the Commission may go outside the guidelines in exceptional cases where the gravity of the offense is "sufficient to warrant an upward departure from § 2.80 and denial of parole." 28 C.F.R. § 2.73(b).

The function of judicial review on a petition for writ of habeas corpus in the parole context is to determine whether the Commission abused its discretion. Furnari v. Warden, 218 F.3d 250, 254 (3d Cir. 2000). The court is not empowered to substitute its judgment for that of the Commission in evaluating a habeas petitioner's claims, unless the Commission's exercise of discretion represents an egregious departure from rational decision-making. Id. The Third Circuit has routinely recognized that a federal court's review of a decision issued by the Commission is limited. Id. The standard applied in such a review "'is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons.'" Id. (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976)). However, the review should consider whether the Commission "'has followed criteria appropriate, rational and consistent' with its enabling statutes so that its 'decision is not arbitrary and capricious, nor based on impermissible considerations.'" Id. (quoting Zannino, 531 F.2d at 690).

### A.     **Petitioner was Afforded Due Process in his Initial Parole Hearing**

Petitioner claims that the Commission denied him procedural due process in the initial parole hearing, by failing to set forth its reasons for the decision to depart from the guidelines. It is undisputed that the guidelines recommend a rehearing for Petitioner in eighteen (18) to twenty-four (24) months from the eligibility date (See 28 C.F.R. § 2.80(h)), and Petitioner is only challenging the departure from that range.

He claims that the Commission failed to "inform the Petitioner of the information in which it relied upon . . . [and it failed to] afford the Petitioner an opportunity to respond to the evidence . . . used to deny parole and go outside of the guidelines." (Doc. 1 at 18.) He is mistaken.

Under the guidelines, 28 C.F.R. § 2.80, if the "prisoner is deemed to be a . . . more serious risk than the guidelines indicate," the Commission may render a decision outside the guideline range." Id. at (n)(1). "The offender is a more serious parole risk than indicated by the total point score because of . . . (C) Unusual cruelty to the victim . . . (D) Unusual propensity to inflict unprovoked . . . violence, as demonstrated by the circumstances of the current offense . . . ." Id. at (n)(2)(ii). If the Commission departs from the guidelines, "the Commission shall specify in the notice of action the specific factors that it relied on in departing from the applicable . . . guideline range." Id.

In the Notice of Action issued after the initial hearing, the Commission explained the departure in Petitioner's case as follows:

> After consideration of all factors and information presented, a departure from the rehearing guidelines at this consideration is warranted for the following reason: You are a more serious risk than indicated by your base point score in that the instant murder involved an exceptionally cruel killing of the victim by taking him unaware as he stood by his car in conversation with others. You proceeded to shoot him at least 6 times, indicating that his murder was a deliberate assassination. At your parole hearing, you falsely claimed that you shot the victim in self defense when he pulled a gun on you. Your lack of remorse, refusal to accept responsibility for this crime, and contempt for the evidence upon which you were convicted, warrants the conclusion that your participation in prison programming would not be a meaningful indicant of you (sic) rehabilitation.

(Doc. 6-2, Ex. 3 at 1.) Denial of parole was indicated by Petitioner's total point score, which he does not dispute. Further, although the Commission departed from the guidelines, it has appropriately explained the

5

departure. The stated factors fully comport with the considerations set forth in 28 C.F.R. § 2.80(n)(2)(ii) to support a conclusion that Petitioner poses a more serious risk than indicated by his total point score. The Commission is afforded wide discretion in making the necessary evaluation, and the nature and circumstances of Petitioner's offense are relevant factors in making that determination. See Ronning v. United States, 547 F.Supp. 301, 306 (M.D. Pa. 1982). Pursuant to the standards set forth in Furnari, 531 F.2d at 691, the Court finds that the Commission articulated a rational basis for its determination to depart from the guideline ranges and did not abuse its discretion.

Moreover, Petitioner was afforded an opportunity to respond to the factors considered by the Commission in its decision to depart from the guidelines. The factors considered by the Commission were established in Petitioner's criminal proceedings, and he was responding to these factors when he presented a contrary version of events allegedly exculpating him from the murder. The Commission found this assertion was contradicted by the eyewitness accounts as well as the number of gunshots to the victim, and the Commission concluded that Petitioner's assertions were not credible. Therefore, Petitioner was not denied due process in his initial hearing, and Petitioner's due process claim will be denied.

### B.     The Commission did not Exceed a Sixty-Month Reconsideration

Petitioner contends that his rehearing is beyond the sixty (60) month maximum, since the rehearing was scheduled from his parole eligibility date (December, 2000), rather than the month of his last hearing (April, 2000). However, under the applicable regulation "[t]he first reconsideration date shall be calculated

from the prisoner's eligibility date . . . ."  28 C.F.R. § 2.75(a)(2)(ii) (2002).[2]  Therefore, Petitioner's argument is without merit.

### C. Petitioner is not Entitled to a Statutory Interim Hearing

Petitioner also claims that he was entitled to a statutory interim hearing under 18 U.S.C. § 4208. However, the applicable statute for parole decisions related to D.C. offenders is the D.C. Code, and not the federal parole statutes.  Because 18 U.S.C. § 4206 is a federal parole provision, it does not apply to D.C. offenders.  Since § 4206 does not apply to this case, and because the thrust of this argument is the same as Petitioner's due process argument addressed above, this claim will be denied.

### D. Petitioner is not Entitled to a Special Reconsideration Hearing

Petitioner argues that he is entitled to a special reconsideration hearing to consider new evidence which is contrary to the version of events established at trial.  Since this argument is a reiteration of Petitioner's prior due process challenge to the Commission's basis for departure from the guidelines, and the issue has been addressed above, Petitioner will be denied relief on this issue.

## IV. Conclusion

Since the Board has provided an explanation of its departure from the guidelines, Petitioner was permitted to respond to the information used in making the determination, and because Petitioner's rehearing date was properly calculated, the petition will be denied.

---

[2] The regulation was since amended to calculate the reconsideration date from the month of the first hearing.  28 C.F.R. § 2.75(a)(2)(ii) (2004).

**V.     Order**

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. Petitioner's motions to expedite (Docs. 11 and 13) are **DISMISSED** as moot.

3. This court declines to issue a certificate of appealability.

4. The Clerk of Court is directed to close this case.

        S/ Yvette Kane
        YVETTE KANE
        United States District Judge

Dated: May 31, 2005